# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ALAN WILLIAMS,

            Plaintiff,

    vs.                             Civil Action 2:09-CV-137
                                        Judge Marbley
                                        Magistrate Judge King

MARLA BARRICK,

            Defendant.

## OPINION AND ORDER

Plaintiff Alan Williams, proceeding without the assistance of counsel, has filed a civil rights action without prepayment of fees or costs. On February 25, 2009, the United States Magistrate Judge granted plaintiff's application for leave to proceed *in forma pauperis* but, after performing the initial review of the complaint required by 28 U.S.C. §1915(e), recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted. *Order and Report and Recommendation,* Doc. No. 2. This matter is now before the Court on plaintiff's objection to that *Report and Recommendation,* Doc. No. 10, which the Court will consider *de novo. See* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

The only defendant named in the complaint is Marla Barrick, who was apparently appointed by the Franklin County Probate Court to serve as the guardian *ad litem* for plaintiff's daughter, now deceased. *Objection,* p.4. The original complaint asserted, as the Magistrate Judge noted, "claims of unspecified Constitutional violations and state law tort claims." *Order and Report and Recommendation,* p.1. The original complaint asserted no facts; it merely referred to a state court docket attached to the complaint. Because the attachment to the original complaint appeared to suggest that a final judgment had been entered in

state court in litigation between these same parties, the Magistrate Judge concluded that application of the doctrine of claim preclusion, or *res judicata,* precludes plaintiff's pursuit of those same claims in this Court. *Id.*

In his objections, plaintiff now sets out facts in apparent support of his claim against defendant. Even accepting those facts as tantamount to an amended complaint, however, the Court concludes that the complaint, as amended, fails to state a claim for relief.

Plaintiff apparently intends to pursue claims arising out of the death of his daughter in 2004. However, claims for constitutional violations under 42 U.S.C. §1983 must be brought, in Ohio, within two (2) years of the time the cause of action arose. *Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989). Because this action was not submitted for filing until February 2009, *see* Doc. No. 1, the complaint is not barred by the doctrine of *res judicata* but is clearly also barred by the statute of limitations.

Accordingly, plaintiff's objections to the *Report and Recommendation* are **DENIED.**

This action is hereby **DISMISSED** pursuant to 28 U.S.C. §1915(e), for failure to state a claim upon which relief can be granted.

The Clerk shall enter **FINAL JUDGMENT** in this action. Moreover, the Court concludes that an appeal from the judgment entered in this action would not be taken in good faith.

*s/Algenon L. Marbley*
Algenon L. Marbley
United States District Judge